Dear Senator Ewing:
Your letter of January 11, 1993 requesting an opinion of the Attorney General has been assigned to me for consideration and response. You have requested the opinion of this office concerning possible legal recourse available to force the Board of Elementary and Secondary Education ("BESE") to comply with Act No. 983 of the 1991 Regular Session.
Act No. 983 added LSA-R.S. 17:7(14)(a) and (b), also, LSA-R.S. 17:175(C)(1)(d) and (E). LSA-R.S. 17:7(14)(a) directs BESE to do the following:
 Prepare and adopt by July 1, 1992, course requirements for high school graduation which are sufficiently flexible to prepare students for, and to permit them to choose to pursue preparation for, the workplace or entrance into an institution of higher education. Prior to adoption, the board shall report in writing to the House and Senate Committees on Education on any proposed program developed to implement the provisions of this Paragraph in order that the committees may have the opportunity to review and comment on any such program prior to its implementation.
Further, LSA-R.S. 17:175(C)(1)(d) requires the parent or guardian of each student to be provided information concerning the relationship between the content of each course which is a requirement for high school graduation and the requirements for admission at each public college or university in Louisiana.
According to your request it seems that BESE has not, as of this date, prepared for adoption the alternative course requirements required by LSA-R.S. 17:7(14)(a).
Under Louisiana law, the remedy of a writ of mandamus is available to compel a public officer to perform a ministerial duty required of him or her by law. La.C.C.P. Article 3863. LSA-R.S. 17:7(14)(a) clearly sets forth a mandatory duty on the part of BESE to adopt alternative course requirements for graduation. Since this statute has not been complied with, a writ of mandamus is the proper vehicle to force BESE to carry out this duty.
The next relevant question concerns who has the legal right to actually bring this action under La.C.C.P. Article 3863. La.C.C.P. Article 681 states that, "Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." This has been interpreted as requiring a special interest particular to that plaintiff and separate and apart from the interest of the general public.
Citing one of its earlier cases, the Louisiana Supreme Court in Louisiana Associated Gen. Contr. v. Calcasieu,586 So.2d 1354 (La. 1991) set forth the standing required in cases in which a citizen desires to bring suit in mandamus against a public board. The Court stated:
 In League of Women Voters of New Orleans, 381 So.2d 441
(La. 1980), we refined our previous standard and held a taxpayer will not be allowed to compel the performance of a public duty by mandamus absent a showing of some special interest which is separate and distinct from the interest of the public at large. We specifically stated, "Without a showing of some special interest in the performance sought of a public board, officer or commission which is separate and distinct from the interest of the public at large, plaintiff will not be permitted to proceed." Id. at 447.
Thus, in order to demand a writ of mandamus be issued in the case at hand, the plaintiff must be someone who has a special interest in having this statutory duty fulfilled. This would include, for example, the parent, guardian or legal custodian of a student attending one of the high schools of this state.
It is the opinion of this office that the proper procedural vehicle for compelling the State Board of Elementary and Secondary Education to comply with its statutory duty under LSA-R.S. 17:7(14)(a) is a writ of mandamus under La.C.C.P. Article 3863. Further, this legal action must be taken by someone who has a special interest in having this statutory duty fulfilled, therefore, meeting the jurisprudential requirement of standing.
I hope that this sufficiently answers your questions. If you require any further assistance, please feel free to contact this office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0003u